# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DAVEON KYREE HAYES,

                    Petitioner,

v.

WILLIAM GITTERE, et al.,

                    Respondents.

Case No. 2:23-cv-00463-RFB-VCF

**ORDER**

    <u>Pro se</u> Petitioner Daveon Kyree Hayes filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1 ("Petition").) At the Court's order, Hayes filed a motion for leave to proceed <u>in forma pauperis</u> ("IFP"). (ECF No. 4.) This matter comes before the Court on initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"). The Court grants Hayes's IFP application but, for the reasons discussed below, orders Hayes to show cause why his Petition should not be dismissed as untimely.

## I.    BACKGROUND[1]

    Hayes challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). <u>State of Nevada v. Daveon Hayes</u>, case no. C-16-320174-1. On March 13, 2018, and May 31, 2018, the state court entered a judgment of conviction and amended judgment of conviction, respectively, pursuant to a jury trial, for grand larceny of a firearm, five counts of conspiracy to commit robbery, eight counts of robbery with a deadly weapon, two counts of burglary, possession of a credit or debit card without the cardholder's consent, fraudulent use of a credit or debit card, two counts of robbery, possession of a stolen property, and ownership or

---

[1] This Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. These docket are found at: https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

possession of a firearm by a prohibited person. Hayes was sentenced to an aggregate term of 26.8 to 68 years. Hayes appealed, and the Nevada Court of Appeals affirmed on July 17, 2019.

On August 17, 2020, Hayes filed a state petition for writ of habeas corpus. Daveon Hayes v. William Gittere, case no. A-20-819719-W. The state court denied post-conviction relief on October 8, 2020. Hayes filed a post-conviction appeal, and the Nevada Supreme Court dismissed the appeal on September 16, 2021, because it was untimely. Remittitur issued on October 11, 2021.

On February 8, 2022, Hayes filed a second state petition for writ of habeas corpus. Daveon Hayes v. Ely State Prison, case no. A-22-847943-W. The state court denied the petition on August 15, 2022. Hayes filed a post-conviction appeal, and the Nevada Court of Appeals affirmed on January 27, 2023, finding that Hayes's petition was untimely and successive. Remittitur issued on February 22, 2023.

On March 26, 2023, Hayes initiated this federal habeas proceeding. (ECF No. 1 at 1.)

**II.    DISCUSSION**

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period, i.e., 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction

became final by either the conclusion of direct appellate review or the expiration of the time for

seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal,

a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme

Court of the United States expires after a Nevada appellate court has entered judgment or the

Supreme Court of Nevada has denied discretionary review. Harris v. Carter, 515 F.3d 1051, 1053

n.1 (9th Cir. 2008); Shannon v. Newland, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The federal limitations period is tolled while "a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending."

28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a

direct appeal and the filing of a petition for post-conviction relief in state court because no state

court proceeding is pending during that time. Nino v. Galaza, 183 F.3d 1003, 1006–07 (9th Cir.

1999); Rasberry v. Garcia, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Here, it appears that Hayes's conviction became final when the time expired for filing a

petition for writ of certiorari with the United States Supreme Court on October 15, 2019. The

federal statute of limitations thus began to run the following day: October 16, 2019. Hayes filed

his first state petition[2] on August 17, 2020, tolling the AEDPA clock. As a result, 306 days elapsed

between the finality of the judgment and the filing of the state petition. The remaining 59 days of

the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related

to his state petition. Tolling ended on October 11, 2021, when the remittitur was issued for the

order of affirmance by the Nevada appellate court. The AEDPA clock restarted the following day:

October 12, 2021.[3] Consequently, the AEDPA clock expired 59 days later: December 10, 2021.

---

[2] This Court assumes, for the sake of this screening order, that this petition was properly filed.

[3] Although Hayes filed a second state petition for writ of habeas corpus on February 8, 2022, it did not toll the limitations period because it was untimely in the state courts and denied as such. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (explaining that an untimely state petition is not properly filed and thus does not toll the federal statute

Hayes's instant Petition was mailed to this Court on March 26, 2023. Absent another basis for tolling or delayed accrual, Hayes filed his Petition over a year after the AEDPA limitation period expired. As a result, Hayes must show cause why the Petition should not be dismissed with prejudice as time barred.

In this regard, Hayes is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his right diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). "[E]quitable tolling is unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). And "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)). Hayes ultimately has the burden of proof on this "extraordinary exclusion." Miranda, 292 F.3d at 1065. He must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. E.g., Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); accord Bryant v. Ariz. Att'y Gen., 499 F.3d 1056, 1061 (9th Cir. 2007).

Hayes is further informed that, under certain circumstances, the 1-year limitation period may begin running on a later date or may be statutorily tolled. See 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2). And Hayes is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, i.e., tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. See McQuiggin v. Perkins, 569 U.S. 383 (2013);

---

of limitations). And even if Hayes's second state habeas petition was properly filed, it was filed after the AEDPA clock expired on December 10, 2021. As such, Hayes's second state petition could not have tolled an already expired limitations period. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

House v. Bell, 547 U.S. 518 (2006); Lee v. Lampert, 653 F.3d 929 (9th Cir. 2011). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

**III.   CONCLUSION**

**IT IS THEREFORE ORDERED** that the application to proceed in forma pauperis (ECF No. 4) is GRANTED.

**IT IS FURTHER ORDERED** that Petitioner Daveon Hayes show cause within 60 days of the date of this order why this action should not be dismissed as untimely. If Hayes does not timely respond to this order, the Petition will be dismissed with prejudice without further advance notice. If Hayes responds but fails to show with specific, detailed, and competent evidence why the Petition should not be dismissed as untimely, the action will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that all assertions of fact made by Hayes in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by Hayes in the federal record. Hayes must attach copies of all materials upon which he bases his argument that the Petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

Dated: May 31, 2023.


_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT COURT